**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE ABBOTT LABORATORIES INFANT FORMULA SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) | Case No. 1:22-cv-5513 Hon. Sunil R. Harjani Hon. Laura K. McNally |

## FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on June 4, 2026, pursuant to this Court's Order of April 10, 2026 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated March 17, 2026 (the "Stipulation"), which Stipulation is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Settling Parties; and (iii) whether and/or in what amount to grant Lead Plaintiffs' Counsel's application for an award of fees and reimbursement of expenses, including service awards for the Lead Plaintiffs. At the Settlement Hearing, the Court granted (i) final approval of proposed Settlement; (ii) reimbursement of expenses; and (iii) service awards to Lead Plaintiffs (as further provided for below). ECF No. 286. In addition, the Court deferred its decision on the motion for attorneys' fees. ECF No. 286. In further support of Lead Plaintiffs' Counsel's request for an award of attorneys' fees, Lead Plaintiffs' Counsel submitted supplemental briefing on June 26, 2026. ECF No. 289. Defendants submitted a response to the supplemental briefing on July 10, 2026. ECF No. 295. A hearing was held on July 29, 2026 and the Court granted Lead Plaintiffs' Counsel's application for an award of attorneys' fees. ECF No. 296.

After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed settlement of the Consolidated Derivative Action (the "Settlement") embodied in the Stipulation or the request for attorneys' fees and reimbursement of expenses, including service awards for the Lead Plaintiffs, having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor, the Court HEREBY FINDS AND ORDERS as follows:

1. All capitalized terms used in this Final Order and Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Derivative Action and the Settling Parties.

3. The Court grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable and adequate, and in the best interests of Abbott Laboratories ("Abbott") and Abbott Shareholders.

4. The Court finds for purposes of the Settlement that: (i) the actions comprising the Consolidated Derivative Action were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Lead Plaintiffs and Lead Plaintiffs' Counsel fairly and adequately represented the interests of Abbott Shareholders.

5. Pursuant to the Preliminary Approval Order, a form of the proposed Notice of Proposed Settlement of Consolidated Derivative Action, Final Settlement Hearing, and Right to Appear (the "Notice") and a form of the Summary Notice of Pendency of Shareholder Derivative Action Involving Abbott Laboratories, Proposed Settlement, and Settlement Hearing (the "Summary Notice") were approved by the Court. Counsel for Abbott has filed with the Court proof of

compliance with the approved Settlement Notice procedures. Based on that submission, the Court finds that: (a) the Notice has been filed by Abbott with the United States Securities and Exchange Commission on Form 8-K; (b) the Notice has been maintained on the Investor Relations page of Abbott's corporate website beginning no more than five (5) days after the date of the Preliminary Approval Order; and (c) the Summary Notice was published in Investor's Business Daily or a similar online publication within 10 days following the date of the Preliminary Approval Order. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constitute due and sufficient notice to Abbott Shareholders of the Settlement and matters to be considered at the Settlement Hearing.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Settling Parties are directed to continue to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Consolidated Derivative Action, and all claims therein against all Defendants named therein, is dismissed with prejudice in its entirety, and without costs, except as otherwise provided for in paragraph 23 below.

8. For purposes of this Order, the term "Released Parties" is defined, as it is in the Stipulation, as: Lead Plaintiffs, all Defendants, the Special Litigation Committee and its member, and any other persons that were or could have been named in the Consolidated Derivative Action, the Additional Derivative Actions, or the Additional Shareholder Demands, and each of its and their parents, subsidiaries, and affiliates, and each of its and their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns.

9.      For purposes of this Order, the term "Releasing Parties" is defined, as it is in the Stipulation, as: Lead Plaintiffs (individually, and derivatively on behalf of Abbott), Abbott and all Abbott Shareholders, and each of its and their parents, subsidiaries, and affiliates, and each of its and their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, consultants, trusts, trustees, trust beneficiaries, and assigns with any of the aforementioned persons and entities.

10.      For purposes of this Order, "Additional Derivative Actions" is defined, as it is in the Stipulation, as: *Steele v. Randall, et al.*, No. 1:25-cv-03669 (N.D. Ill.); *Sturdivant v. Ford, et al.*, 2025-CH-07317 (Cir. Ct. Cook Cnty., Ill.); *Huetteman v. Ford, et al.*, 1:23-cv-00296 (N.D. Ill.); *Blackburn v. Ford, et al.*, Case No. 23CH00000023 (Cir. Ct. Lake Cnty., Il.); *Lien v. Ford, et al.*, Case No. 23CH00000038 (Cir. Ct. Lake Cnty., Il.); *Braunstein v. Ford, et al.*, Case No. 2023CH00000060 (Cir. Ct. Lake Cnty., Il.); *City of Ann Arbor Emps.' Ret. System v. Ford, et al.*, Case No. 2023CH00000230 (Cir. Ct. Lake Cnty., Il.); and *Keto, et al. v. Ford, et al.*, Case No. 23MR00000340 (Cir. Ct. Lake Cnty., Il.).

11.      For purposes of this Order, "Additional Shareholder Demands" is defined, as it is in the Stipulation, as: books and records and litigation demands on Abbott's Board of Directors made by the following Abbott Shareholders: Joseph J. Giacalone; Dorothy Keto; the Montini Family Trust; David Pill; Charles R. Blackburn; Edward Braunstein; New York State Common Retirement Fund; City of Lakeland Employees' Pension and Retirement System; David Hamilton; International Brotherhood of Teamsters Local No. 710 Pension Fund; Thomas D. Cooprider; Southern Pennsylvania Transportation Authority; Howard Waldman; Matthew Steele; Jacquelyn Sturdivant; City of Ann Arbor Employees' Retirement System; Larry Huetteman; Chamandeep Kaur; Anthony Franchi; Erste Asset Management GmbH; and Bernard Kroger.

4

12.     For purposes of this Order, "Unknown Claims" is defined, as it is in the Stipulation, as: any Released Claims that any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims.  With respect to any and all Released Claims, the Settling Parties have stipulated and agreed that, upon the Effective Date, the Settling Parties shall expressly waive, and each other Abbott Shareholder shall be deemed to have waived, and by operation of this Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Releasing Parties are deemed by operation of this Final Order and Judgment to have acknowledged that the release of Unknown Claims was separately bargained for and is a key element of the Settlement.

13.     For purposes of this Order, "Effective Date" is defined, as it is in the Stipulation, as: the date upon which the Judgment approving the Settlement in accordance with this Stipulation becomes Final. Any proceeding or order, or any appeal or petition for a review of a proceeding or order, pertaining solely to any application for or award of attorneys' fees or expenses shall not in any way delay or preclude the Judgment from becoming Final.

14.     For purposes of this Order, "Final" is defined, as it is in the Stipulation, as: with respect to the Judgment or any other court order, means the later of: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the applicable Federal Rules of Civil

Procedure and Appellate Procedure, i.e., thirty (30) days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees or expenses shall not in any way delay or preclude a Judgment from becoming Final.

15.     For purposes of this Order, "Judgment" is defined, as it is in the Stipulation, as: the entry of this Final Order and Judgment entered by the Court.

16.     Upon the Effective Date (as defined herein), the Releasing Parties shall be deemed to have, and by operation of this Final Order and Judgment shall have each fully, finally, and forever released, waived, discharged, and dismissed each of the Released Parties from, and shall forever be barred and enjoined from prosecution of, any and all claims, demands, rights, remedies, causes of action or liabilities, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation, or principle of equity, whether known or unknown, including without limitation Unknown Claims (as defined herein), whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were or that could have been asserted from the beginning of time to the date of the entry of a final order and judgment in any forum by Abbott or any Abbott Shareholder claiming in the right of, or on behalf of Abbott, against any of the Released Parties and any other individual named or unnamed, that relate to, arise out of, or in any way are based upon, directly or indirectly, any of the facts, allegations, transactions, events,

6

occurrences, acts, disclosures, statements, omissions, failures to act, or matters set forth, referred to, or alleged in the Consolidated Derivative Action, the Additional Derivative Actions, or the Additional Shareholder Demands, including but not limited to Abbott's February 2022 recall of powdered infant formula, or Abbott's U.S. powdered infant formula manufacturing facilities in Sturgis, Michigan, or Casa Grande Arizona. For the avoidance of doubt, Released Claims shall not include the direct claims asserted in the April 22, 2023, Amended Class Action Complaint filed in the matter of Pembroke Pines Firefighters & Police Officers Pension Fund, Case No. 1:22-cv-4661(N.D. Ill.).

17.     Upon the Effective Date (as defined herein), Defendants, the Special Litigation Committee and its member shall release Lead Plaintiffs and any other Abbott Shareholder, and each of their respective parents, subsidiaries, affiliates, officers, directors, members, partners, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estate administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns from all claims and causes of action, whether known claims or Unknown Claims (as defined herein), whether arising under state, federal, common, local, statutory, regulatory, foreign, or other law or rule that arise out of or relate in any way to the institution, prosecution, settlement, or dismissal of the claims or demands asserted in the Consolidated Derivative Action, the Additional Derivative Actions, or the Additional Shareholder Demands, except for claims to enforce this Stipulation.

18.     Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation.

19.     This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Consolidated Derivative Action. No Settling Party may assert in any forum that the Consolidated Derivative Action was brought, commenced, or prosecuted by Lead

Plaintiffs or their counsel, or defended by the Defendants or their counsel, in bad faith or that the Consolidated Derivative Action was not filed or raised in good faith or was not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel. No claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Consolidated Derivative Action may be brought by any Settling Party.

20. Before the Effective Date, no person may institute, commence or prosecute any action that asserts Released Claims against any of the Released Parties.

21. Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession or an admission by any Settling Party in the Consolidated Derivative Action, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Consolidated Derivative Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered or received in evidence or otherwise used by any person in the Consolidated Derivative Action, or in any other action or proceeding, whether civil, criminal or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Settling Party in order to prevent or terminate institution, commencement, or prosecution of any action which asserts Released Claims against any of the Released Parties.

22. In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation, (i) the terms and provisions of the Stipulation shall be rendered void and shall have

no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Settling Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

23.     Lead Plaintiff's Counsel is hereby awarded $15.85 million as attorneys' fees, which includes reimbursement of expenses, including $15,000 in service awards for each of the Lead Plaintiffs, in connection with the Consolidated Derivative Action, to be paid by or on behalf of Abbott in accordance with the terms of the Stipulation.  Lead Plaintiffs' Counsel shall be responsible for allocating and paying any portion of the fee and expense award to any Person (as that term is defined in the Stipulation) claiming an interest in such fee and expense award.  The Defendants and their insurers shall have no obligations or liability with respect to the apportionment or distribution of any attorneys' fees or expenses awarded by the Court.  Notwithstanding the foregoing, nothing in this Final Order and Judgment shall create or establish the right of any Abbott Shareholder or their counsel to receive a portion of the fee and expense award, which shall otherwise be determined in the discretion of Lead Plaintiffs' Counsel.

Dated: July 31, 2026

_____
The Honorable Sunil R. Harjani

9